**FILED**

**June 1, 2026**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Phillip Harris**
**Claimant Below, Petitioner**

**v.)**   **No. 25-580**   (JCN: 2021016549)
(ICA No. 24-ICA-504)

**AHF, LLC**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Phillip Harris appeals the June 27, 2025, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Harris v. AHF, LLC*, No. 24-ICA-504, 2025 WL 1784821 (W. Va. Ct. App. Jun. 27, 2025) (memorandum decision). Respondent AHF, LLC filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the November 21, 2024, order of the Workers' Compensation Board of Review which affirmed the December 21, 2022, claim administrator's order granting Mr. Harris a 0% permanent partial disability award. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

On appeal, the claimant argues that the ICA's decision was clearly wrong and the underlying orders granting no permanent partial disability should be reversed because the record established that the condition that manifested after the compensable injury had not resolved. The claimant asserts that prior to his injury, he worked without restrictions or limitations for his right shoulder, with no history of medical treatment. Subsequent to the compensable injury, the claimant developed pain and range of motion deficits equivalent to 3% permanent partial disability, as found by Jennifer Lultschik, M.D., who apportioned the 3% impairment rating to preexisting conditions. The claimant argues that the opinion of Richard E. Topping, M.D., an orthopedic surgeon who attributed the claimant's condition to the compensable work injury, should have been adopted by the ICA and Board of Review, rather than the speculative opinion of Dr. Lultschik. The employer counters by arguing that the ICA's decision should be affirmed because the award granted in this case was based upon the only medical opinion of record regarding the degree of whole-person impairment suffered by the claimant as a result of the compensable injury. The employer contends that to successfully challenge Dr. Lultschik's impairment rating, the claimant is required to offer medical evidence to contradict her opinion. Because the claimant failed to contradict Dr.

---

[1] The petitioner is represented by counsel J. Thomas Greene Jr. and T. Colin Greene, and the respondent is represented by counsel Steven K. Wellman and James W. Heslep.

1

Lultschik's impairment rating, the impairment must be accepted as proven. The employer asserts that the case should be affirmed because the Board of Review's findings of fact were supported by the evidence and the statutory law was applied in an appropriate manner.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: June 1, 2026**

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III